Mr. Bobby Norman, Director Commission on Law Enforcement Standards and Training P.O. Box 3106 East Camden, AR 71701
Dear Mr. Norman:
This is in response to your request for an opinion on the following question:
 If the Commission on Law Enforcement Standards and Training so desires, can they authorize instructional personnel at the Arkansas Law Enforcement Training Academy to be certified as law enforcement officers rather than specialized police personnel?
In my opinion, the answer to your question is "no."
The Arkansas Commission on Law Enforcement Standards and Training has the power, pursuant to A.C.A. '12-9-104(3), to establish minimum selection and training standards for admission to employment as a law enforcement officer. The Commission also has the power to promulgate rules and regulations in conjunction with these duties. See '12-9-104(1). These regulations must be considered in answering your question.
A "law enforcement officer" is defined by Regulation 1001(9) as:
 any appointed law enforcement officer who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state, excluding only those officers who are elected by a vote of the people. The definition does not apply to employees of organizations or state departments and other like agencies not primarily involved in law enforcement. The criteria to determine if a person is a law enforcement officer is that he or she:
(a) is employed by a law enforcement unit; and
 (b) serves a law enforcement function for that unit; and
(c) receives a salary authorized by that unit; or
(d) is a legally appointed auxiliary officer.
A "law enforcement unit" is defined in Regulation 1001(10) as:
 a police force or organization of a city, county, or this State whose primary duty as prescribed by law or ordinance, is enforcing the criminal, traffic or highway laws of this State.
The Arkansas Law Enforcement Academy would not, in all likelihood, qualify as a law enforcement unit under Regulation 1001(10), and thus, the instructors of the Academy would not appear to meet the established definition of law enforcement officers.
In my opinion, the regulations promulgated by the Commission do not contemplate instructional personnel of the Academy becoming certified law enforcement officers. Specification S-15, which supplements the regulations concerning the issuance of certificates to law enforcement officers, provides that to be eligible for a certificate, an applicant must be a law enforcement officer appointed by a law enforcement unit located within the State of Arkansas. Specification S-15(1)(a) (1990). As already stated, the Academy does not appear to meet the definition of a law enforcement unit under the Commission's regulations. Further, as you note, the Academy's instructors appear to be considered "specialized police personnel" by the Commission, and as such, undergo a separate certification process. See Regulation 1001(25), Regulation 1013, and Specification S-20 (1990).
My opinion is supported by the fact that instructors of the Academy are given only limited law enforcement authority. See
A.C.A. '12-9-204. In addition, Regulation 1010(e)(2) provides that the certification of any law enforcement officer shall expire if the officer does not serve as a law enforcement officer for six consecutive months. Under this regulation, instructors at the Academy apparently would not be able to retain certification for more than six months, unless they were concurrently serving as a law enforcement officer for a law enforcement unit as defined by the Commission.
In conclusion, then, there appears to be no authority for allowing instructors of the Arkansas Law Enforcement Training Academy to become certified as law enforcement officers rather than as specialized police personnel.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General